388 A.2d 1063

COMMONWEALTH of Pennsylvania

v.

Richard P. BRIGHTWELL, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued Jan. 10, 1978.

Decided July 14, 1978.

Norman L. Goldberg, Media, for appellant.

Ralph B. D'Iorio, Asst. Dist. Atty., Chief, Appeals Div., Anna Iwachiw Vadino, Asst. Dist. Atty., Michael F. X. Cox, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

A jury convicted appellant, Richard Brightwell, of murder of the third degree, voluntary manslaughter, resisting arrest and possession of firearms without a license. The trial court struck the verdict of guilty of voluntary manslaughter. Appellant filed post-verdict motions but, before argument, the court permitted trial counsel to withdraw. New counsel filed additional motions. The court denied all motions and sentenced appellant on the murder conviction to imprisonment of ten to twenty years and fined him $500.00 and costs. The court suspended sentence on the other charges. Appellant contends that (1) insufficient evidence exists to support the verdict of guilty of murder of the third degree; (2) replacement of trial counsel on post-verdict motions denied him effective assistance of counsel and equal protection; (3) the prosecutor committed reversible error when he cross-examined appellant concerning his failure to call certain witnesses; (4) the court erroneously charged the jury that appellant had the burden of proving self-defense; and (5) the verdict of guilty of both murder of the third degree and voluntary manslaughter was contrary to law. We affirm.[1]

1. We hear the appeal from the judgment of sentence on the conviction of murder of the third degree pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1978). The Superior Court, pursuant to the Act, § 503(c), 17 P.S. § 211.503(c), has transferred to this Court the appeals from judgments of sentence on the other convictions.

■ Viewed in the light most favorable to the Commonwealth, *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976), the evidence shows that appellant and his girlfriend, Nannie Brown, quarrelled because appellant supposedly was seeing another woman. Appellant moved out of their residence and into a local YMCA. On June 24, 1974, appellant sought out Brown at a service station, where he discovered her in a phone booth. Appellant called for her to come out, but she refused. Appellant then began to approach her. Brown drew a pistol, pointed it at the ground and fired. Appellant retreated to his car and drove away. Ten minutes later, appellant returned with a gun. Brown ran into the station garage, pursued by appellant. It is unclear whether Brown fired another shot as appellant advanced towards her. Appellant entered the garage, grabbed Brown, threw her to the floor and announced, "Bitch, this is it." Appellant leveled his gun at her head and fired five shots, striking her four times. Appellant then ran outside and fled in his car. This evidence is sufficient to support the verdict of guilty of murder of the third degree. See *Commonwealth v. Walley*, 466 Pa. 363, 353 A.2d 396 (1976); *Commonwealth v. Walker*, 447 Pa. 146, 288 A.2d 741 (1972).

■ Appellant argues that he was denied effective assistance of counsel because his trial counsel, before arguing post-verdict motions, withdrew to assume a position in the district attorney's office. Appellant, however, has not indicated how he was denied effective representation. He does not point out any issue new counsel failed to raise or otherwise describe some course of conduct counsel should have pursued but did not. Indeed, new counsel filed supplemental post-verdict motions raising the issues ·upon which appellant now relies, whereas trial counsel filed only boilerplate motions. Appellant has therefore failed to meet his burden of demonstrating that counsel failed to perform some act necessary to effective representation. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

 During cross-examination, the Commonwealth asked appellant whether there was any reason why he had not contacted a certain witness and had him testify. Appellant immediately objected and requested a mistrial. The court denied the motion but thoroughly cautioned the jury that it was to disregard the question and at all times keep in mind that the defense need not present any evidence in its favor because the burden of proof always rests upon the Commonwealth.[2] This instruction was sufficient to dispel any prejudice caused by the prosecutor's improper question. See *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978) (cautionary instruction cured prejudice of prosecutor's remark implying that defendant threatened witnesses); *Commonwealth v. Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974) (immediate instruction cured prosecutor's comment implying that defendant declined to call witness because the testimony would not be favorable); see generally *Taylor v. Kentucky*, —— U.S. ——, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978) (emphasizing importance of careful instructions).

 Appellant next contends that the court erroneously charged the jury that appellant had the burden of proving

2. "Q: Is there any reason why you have not contacted him to bring him in?
 MR. SMITH: Objection. May we see Your Honor at side bar?
 THE COURT: Yes."
 After the side-bar discussion, the Court instructed the Jury:
 "THE COURT: Ladies and gentlemen of the jury, I am going to specifically instruct you and also caution you at the present time that you are to totally exclude from your minds the last question.
 Let me say that this defendant, as well as any defendant under our system of jurisprudence, has absolutely no obligation, no duty whatsoever to present any testimony, no duty or no obligation to present any witnesses.
 Every defendant, as does this defendant, walks into this courtroom presumed to be innocent; and the Commonwealth has the burden throughout the entire trial to prove the defendant guilty beyond reasonable doubt, and that burden never shifts whether the defendant testifies, presents any testimony, or what happens. That burden of proving guilt beyond reasonable doubt remains with the Commonwealth throughout the entire trial.
 I trust that you will bear in mind all of those principles and the fact that the defendant has no duty or obligation to present testimony."

self-defense. At one point in the charge, the court stated, "If he [appellant] had failed in proving self-defense then you will turn your attention . . . ." The court's charge, in its entirety, however, clearly placed the burden of proving all elements of the crime upon the Commonwealth and expressly instructed that the jury could find appellant guilty only if the Commonwealth proved beyond a reasonable doubt that appellant had not acted in self-defense.[3] Thus, the court did not err. See *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975); compare *Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088 (1977) (no correct instruction on self-defense required reversal) and *Commonwealth v. Heatherington*, 477 Pa. 562, 385 A.2d 338 (1978) (same).

▮ Finally, appellant asserts that the jury could not lawfully return a verdict of guilty of both murder of the third degree and voluntary manslaughter. This issue has not been preserved for appellate review. When the jury returned its verdict, and before the court accepted it, the court called counsel to side bar and informed them that "it is my understanding that the verdict in this case would be recorded as guilty of murder in the third degree. . . . Do you agree on that?" Both counsel agreed. The court then announced that appellant had been found guilty of

**3.** "THE COURT: Even though self-defense is what we call an affirmative defense, it is the burden of the Commonwealth throughout the entire case to satisfy you beyond a reasonable doubt that the defendant is guilty. Where a defendant sets up self-defense, as was done in this case, to justify or excuse a killing, the evidence relied upon, whether it comes from his side of the case or from the Commonwealth's side, or from both, must be weighed by you in determining whether the Commonwealth has met its burden of proof. Hence you may find the defendant guilty only if you are satisfied beyond a reasonable doubt that he was not justified under the circumstances in reasonably believing that the use of deadly force was then and there necessary to protect himself against death or serious bodily injury. On the other hand, if you are not so satisfied beyond a reasonable doubt then you may find that self-defense has been established, that the killing was justifiable and, therefore, acquit the defendant on all of the homicide charges."

murder of the third degree. Again, appellant did not interpose an objection.[4] Had appellant objected and the court determined the verdict was inconsistent, the court could have directed the jury to retire and reconsider its verdict. *Commonwealth v. Johnson*, 369 Pa. 120, 85 A.2d 171 (1952); *Commonwealth v. Micuso*, 273 Pa. 474, 117 A. 211 (1922). By waiting until post-verdict motions to raise the issue, appellant deprived the court of an opportunity to correct any error. Consequently, appellant may not now complain of inconsistency in the verdict. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Judgment of sentence affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

The majority incorrectly reaches the merits of appellant's claim that the trial court erroneously charged the jury that appellant had the burden of proving self-defense (p. 1065). Following the trial court's charge to the jury, counsel for both the prosecution and the defense were summoned to side bar by the court and given an opportunity to object, or offer

4. "THE COURT: Gentlemen, so that there will be no doubt, I will question the jury if you have any questions about this, but it is my understanding the verdict in this case would be recorded as guilty of murder in the third degree. Since voluntary manslaughter is automatically incorporated in that, third degree is a higher degree.

Do you agree on that?

MR. SMITH: Yes, sir.

MR. COLL: Yes sir.

THE COURT: Therefore, the remaining indictments are obviously guilty, resisting arrest and possession of firearms. Is that agreed?

MR. COLL: Yes, sir.

MR. SMITH: Yes, sir.

THE COURT: All right.

(End of side-bar discussion.)

THE COURT: Mr. Smith, will you bring the defendant forward, please.

(Defendant before the Bar of the Court.)

THE COURT: Mr. Brightwell, you have been found guilty by the jury of various crimes or offenses, namely, third degree murder and possession of firearms without a license, and resisting arrest. . . ."

corrections, to the court's charge. In the course of that side bar discussion, defense counsel indicated that he " . . . did not hear . . . " the court charge the jury regarding the " . . . degree of proof necessary for [the jury] to entertain the defense of self-defense properly." The trial judge then summarized his thinking as to the allocation of the burden of proving self-defense, and asked defense counsel if he was requesting the court to charge that defendant had the burden of proving self-defense by a preponderance of the evidence. Defense counsel responded that he was not seeking such a request, and further indicated that he was satisfied with the court's charge as given, saying,

> "After looking at what words the Court did use in its charge, in reviewing the words for the old affirmative defense charge on burden of proof, I am satisfied with that charge as presented by the Court."

The majority, nevertheless, decides that the trial court did not err in its charge regarding self-defense. My reading of that charge convinces me that, had defense counsel properly objected, the charge amounted to reversible error. As to the allocation of the burden of proof of self-defense, the charge is at best confusing. At times, the trial judge seemed to be telling the jury that the prosecution had the burden of proving all elements of the crimes charged, including lack of justification. At other times, the court seemed to be placing the burden of establishing self-defense upon the defendant. As we recently said in *Commonwealth v. Lesher*, 473 Pa. 141, 150, 151, 373 A.2d 1088, 1092–1093 (1977),

> " . . . even though the trial court instructed the jury it was the Commonwealth's burden to prove beyond a reasonable doubt every element of the crime charged, at no point in the charge was the jury explicitly informed a determination that Lesher was not acting in self-defense was essential to a finding of guilt. Under these circumstances, when the trial court made the statement that the Commonwealth did to [sic] have to disprove self-defense, the jurors could have been confused and led to infer that the question of self-defense was not an essential issue as

to which the Commonwealth had the burden of persuasion. We cannot assume the jury applied the court's general instructions to its deliberations with respect to self-defense, since the court gave a seemingly contradictory instruction specifically directed at that issue. We are also not persuaded this shortcoming was corrected in another part of the trial court's charge.

*See also, Commonwealth v. Ewell*, 456 Pa. 589, 319 A.2d 153 (1974). For these reasons, I disagree with the majority's conclusion that the trial court properly charged the jury regarding self-defense.

The majority also incorrectly concludes that appellant failed to preserve the question of the lawfulness of the jury's verdict of guilty of both murder in the third degree and voluntary manslaughter. (pp. 1065–1066). The jury's confusion at the distinction between voluntary manslaughter and third degree murder resulted from the trial court's confusing, and erroneous, instructions regarding these crimes. At various points throughout his charge the trial judge exhibited his confusion as to this distinction. One example is quoted in the majority opinion. (p. 1066, ft. 4.) Other examples can be found in the trial court's instructions to the jury regarding the verdict slips. The jury was given four verdict slips: one on which to record its verdict regarding the charges of murder in the first degree and murder in the third degree; one on which to record its verdict as to the voluntary manslaughter charge; one for resisting arrest; and one for carrying a firearm without a license. The court then told the jury to mark each slip "guilty" or "not guilty," and reviewed the possible verdicts, saying in part,

"Of course, the possible verdicts in this case, first one is not guilty of all of the charges. Second one could be guilty of all of the charges. Final one guilty of voluntary manslaughter only, and not guilty on the other charges. Guilty of murder in the third degree only and not guilty on anything else. First degree murder and not guilty on anything else. Guilty of resisting arrest and guilty of possession of firearms and nothing else, or *any combination thereof.*" (Emphasis added.)

The court correctly told the jury that a killing was voluntary manslaughter if done in circumstances indicating the lack of malice. The jury, however, completed the verdict slips as follows:

"THE CLERK: . . . As to Indictment No. 388, murder, first degree?

THE FOREMAN: Not guilty.

THE CLERK: Third degree?

THE FOREMAN: Guilty.

THE CLERK: Indictment No. 398, voluntary manslaughter?

THE FOREMAN: Guilty.

THE CLERK: Indictment No. 391, resisting arrest?

THE FOREMAN: Guilty.

THE CLERK: Indictment No. 394, possession of firearms without license?

THE FOREMAN: Guilty."

Because murder in the third degree requires that the killing be done with malice, while voluntary manslaughter is a killing done under circumstances indicating a lack of malice, appellant cannot be guilty of both.

The jury's finding of guilt of voluntary manslaughter necessarily included a finding of the absence of malice. The finding of an absence of malice contained in the voluntary manslaughter verdict works as an acquittal of the murder charge. Counsel here cannot "waive" a defendant's right to be acquitted of all charges of which the jury finds him innocent by failing to object to the trial court's interpretation of the jury's verdict any more than he could have "waived" appellant's acquittal of the charge of murder in the first degree.

The judgment of sentence of murder in the third degree should therefore be reversed and the case remanded for sentencing on the voluntary manslaughter conviction.