413 A.2d 708

**COMMONWEALTH of Pennsylvania**

v.

**Bernard MORRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Oct. 26, 1979.

Reargument En Banc Denied Jan. 16, 1980.

Louis J. Presenza, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

In this appeal from denial of relief under the Post Conviction Hearing Act,[1] appellant contends that he should be permitted to withdraw his guilty plea to criminal conspiracy and robbery because the trial court, before accepting the plea, did not explain at the plea colloquy the elements of the crimes charged. We agree and, accordingly, reverse the order of the PCHA court and remand to afford appellant an opportunity to withdraw his plea.[2]

* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1978–79), repealed, Act of April 28, 1978, P.L. 202, No. 53, § 2(a), effective June 27, 1978.

2. Appellant seeks withdrawal of his guilty plea on other grounds as well. In view of our disposition, we do not address those grounds.

On March 4, 1974, appellant, assisted by counsel, entered a plea of guilty to criminal conspiracy and robbery and, after a colloquy, the trial court accepted the plea. Appellant appealed *pro se* to this Court, which affirmed judgment of sentence. Appellant then filed a petition in the Supreme Court of Pennsylvania. The Supreme Court entered an order directing the trial court to appoint counsel to file an appeal *nunc pro tunc* or to pursue any other course in appellant's interest. Pursuant to this order, appellant, represented by new counsel, file a PCHA petition seeking to withdraw his plea. After a hearing, the PCHA Court denied relief, and this appeal followed.

Appellant contends that the trial court, at the plea colloquy, did not explain the elements of the crimes charged.[3] The record of the colloquy fails to reveal that the court gave any explanation of the elements of the crimes of conspiracy and robbery. In *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), our Supreme Court established that, to ensure that an accused pleading guilty understands the nature of the charges against him, the trial court, on the record at the plea colloquy, must explain the elements of those charges. *See* Pa.R.Crim.P. 319 and comment thereto. At his plea colloquy held after *Ingram*, appellant did not receive the required explanation. Thus, the colloquy is defective. *See Commonwealth v. Hare*, 486 Pa. 123, 404 A.2d 388 (1979); *Commonwealth v. Tabb*, 477 Pa. 115, 383 A.2d 849 (1978); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976).

The PCHA court based its conclusion that appellant was aware of the nature of the charges upon the fact that appellant had been arrested at least twice before for the same crimes, that he was a student at a community college, and that trial counsel testified that he had discussed the charges with appellant before entrance of the plea. It was

---

**3.** Although appellant, in his *pro se* appeal to this Court, apparently did not raise the issue presented in his PCHA petition, the issue is not waived because the Supreme Court's order allowed appellant to raise his claims *nunc pro tunc.*

improper for the PCHA court to rely on information outside the record of the plea colloquy to establish facts which must appear on that record. *See Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978); *Commonwealth v. Hall,* 253 Pa.Super. 27, 384 A.2d 959 (1978). Only a colloquy of record can demonstrate satisfaction of the requirement of Rule 319 that an accused be informed of the nature of the charges. *See, e. g., Commonwealth v. Chumley,* 482 Pa. 626, 394 A.2d 497 (1978).

Therefore, we reverse the order of the PCHA court and remand to permit appellant to withdraw his plea.

Order reversed and case remanded.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. The facts of the case are not in dispute. On July 8, 1973 appellant and a companion held-up, at gun point, a White Tower in Philadelphia. Both men were apprehended shortly thereafter in an automobile driven by appellant. The currency and the gun were in appellant's automobile. Both men were returned to the scene and positively identified. Shortly following the denial of a Motion to Suppress, appellant's co-defendant entered a plea of guilty. The witnesses were present; the appellant was present. Appellant's private counsel then negotiated a plea of guilty to criminal conspiracy and robbery and the Commonwealth agreed to a sentence of six months to 10 years. Appellant entered his plea, was sentenced, and was thereafter released at the end of six months. He violated his parole and is back in the institution serving the balance of his maximum term.

Having violated his parole appellant has now, by Order of the Pennsylvania Supreme Court, filed a PCHA petition seeking to withdraw his plea. The majority would grant his request based upon the alleged failure of the sentencing court to explain the elements of the crimes of conspiracy and robbery. I would deny the request. I would affirm on the

logical, well-reasoned Opinion of Judge Blake of the court below.