424 A.2d 1263

COMMONWEALTH of Pennsylvania,

v.

Richard P. BRIGHTWELL, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 13, 1980.

Decided Jan. 30, 1981.

Roy Davis, Asst. Public Defender, for appellant.

David E. Fritchey, Chief, Appeals Unit, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

Appellant, Richard P. Brightwell, was convicted of, inter alia, both murder of the third degree and voluntary manslaughter for the June 24, 1974 shooting killing of Nanny Brown. Before the trial court accepted these obviously inconsistent verdicts, he called opposing counsel to sidebar and stated that "It is my understanding that the verdict in this case would be recorded as guilty of murder of the third degree. . . . Do you agree to that?" When both counsel agreed, the trial court announced that appellant had been found guilty of murder of the third degree. No objection was taken by appellant. New counsel represented appellant at post-verdict motions, which were denied. Appellant was sentenced to ten-to-twenty years imprisonment. On direct appeal, while represented by the same counsel as on post-verdict motions, appellant argued the inconsistent verdict issue, but we held the issue had been waived because of appellant's failure to either object at trial or to assert the ineffectiveness of trial counsel. *Commonwealth v. Brightwell*, 479 Pa. 541, 388 A.2d 1063 (1978).

Appellant subsequently filed a petition pursuant to the Post Conviction Hearing Act, alleging, *inter alia*, that both trial and appellate counsel had been ineffective for failing to preserve the claim concerning the inconsistent verdicts. Following an evidentiary hearing, the court denied appellant's requested relief and this appeal followed.

Appellant argues instantly that trial counsel was ineffective for failing to object to the trial court's actions in ordering the verdict be recorded as guilty of murder of the third degree. Appellant further argues that appellate counsel was ineffective for failing to challenge the effectiveness

of trial counsel at both post-verdict motions and on direct appeal. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

Our standard of review involving claims of ineffective assistance of counsel is by this time well-settled. As this Court unanimously stated:

"In order to determine whether counsel's assistance was effective, we must be 'able to conclude the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.' *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). [Emphasis in original.] However, counsel cannot be found ineffective for failing to assert a meritless claim. Only when an abandoned claim is of arguable merit must we inquire into counsel's basis for not pursuing it. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977)."

*Commonwealth v. Weathers El*, 485 Pa. 28, 32, 400 A.2d 1295, (1979). It is thus incumbent upon us to determine whether appellant's claim concerning the inconsistent verdict was of arguable merit.

Appellant argues that the jury's verdict finding him guilty of both murder of the third degree and voluntary manslaughter for the same killing was inconsistent. As appellant correctly points out, the major difference between murder of the third degree and voluntary manslaughter is the absence of malice in the latter. We believe appellant's claim clearly has arguable merit, as evidenced by this Court's statement on appellant's direct appeal:

"Had appellant objected and the court determined the verdict was inconsistent, the court could have directed the jury to retire and reconsider its verdict. *Commonwealth v. Johnson*, 369 Pa. 120, 85 A.2d 171 (1952); *Commonwealth v. Micuso*, 273 Pa. 474, 117 A. 211 (1922)."

*Commonwealth v. Brightwell, supra*, 479 Pa. at 547, 388 A.2d 1063.

Believing appellant's claim to be of arguable merit, we must proceed to the second step of our analysis; we must determine if appellant's trial counsel had any reasonable basis designed to effectuate appellant's interest by not objecting to the inconsistent verdicts.

At the evidentiary hearing on appellant's P.C.H.A. petition, his trial counsel testified as follows:

" . . . I was relieved when they found him not guilty of the first degree charge. My recollection is that we went to side bar and as Richard indicated the Judge said that obviously it was voluntary manslaughter being part and parcel of third degree homicide did we agree that it was the intention of the jury was to find him guilty of third degree murder and I agreed. I made no objection. It seemed reasonable to me at the time. I cannot, I don't know that I can go back and put myself in that place and second-guess whether I did the right thing or wrong thing at that time. It seemed to be the right thing at the time. That's all I can say bout it.

Trial counsel also responded to the following question by the prosecutor:

"Q. Would you be able to say that anything was to be gained by letting the jury go back in the retirement room and deliberate?

"A. Since the Clerk had not recorded the verdict and the Judge had not accepted any verdict at that time I didn't want to give the jury another opportunity to go out and come back with first degree murder. I wanted the jury since they had the opportunity to review the entire verdict, the Clerk hadn't recorded the verdict, it hadn't been made part of the record, he was either going to have the verdict come in at third degree or have the jury go back and consider it. My only consideration was that I didn't want to send the jury back and do anything more damaging to us. Whether this was correct or in error in hindsight I can't say."

Trial counsel was correct in his assertion that an unrecorded jury verdict, though announced, is of no force and is

alterable or amendable. *Commonwealth v. Johnson*, 359 Pa. 287, 59 A.2d 128 (1948); *Commonwealth v. Dzvonick*, 450 Pa. 98, 297 A.2d 912 (1972). Thus, had counsel objected, the Court could have ordered the jury to redeliberate on all possible counts of homicide. Although counsel could have asked that the jury be ordered to redeliberate on only murder of the third degree and voluntary manslaughter, the following passage is particularly instructive.

"The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349 (1967) (Emphasis in original) (Footnote omitted).

Since trial counsel had a reasonable basis for not objecting, appellant was not denied the effective assistance of counsel.

Order affirmed.

NIX, J., concurs in the result.

ROBERTS, J., files a dissenting opinion.

ROBERTS, Justice, dissenting.

I dissent. After the foreman of the jury had announced the jury's verdicts to the court, the clerk of the court recorded the verdicts and announced them as follows:

"Members of the jury, hearken to the verdict as the Court hath it recorded. You do say, in the issue joined between the Commonwealth of Pennsylvania and Richard P. Brightwell, that you find him on Indictment No. 388, murder, not guilty first degree; guilty third degree; guilty on Indictment No. 389, voluntary manslaughter; guilty on Indictment No. 391, resisting arrest, and guilty on Indictment No. 394, possession of firearms without license, and so say you all?"

The jury, both as a whole and individually when polled, then affirmed its verdicts.

As the majority notes, the verdicts of guilty of third degree murder and guilty of voluntary manslaughter are inconsistent. These verdicts, however, clearly are in no way inconsistent with the verdict of not guilty of murder of the first degree. Thus, had the court sent the jury back with additional instructions for further deliberation, it could not have permissibly directed the jury to reconsider its verdict of not guilty of first degree murder. See *State v. Rhinehart*, 267 N.C. 470, 148 S.E.2d 651 (1966) (where jury returned verdict of acquittal on one count and no verdict on another, reversible error to instruct jury to reconsider acquittal verdict while reaching verdict on other count).

The cases cited by the majority, *Commonwealth v. Johnson*, 359 Pa. 287, 59 A.2d 128 (1948) and *Commonwealth v. Dzvonick*, 450 Pa. 98, 297 A.2d 912 (1972), require this result and do not support the majority's contrary conclusion. These cases stand for the proposition that the jury, before discharge, may correct its verdict only if the verdict, on its face, shows an error in form or in substance. Here, the only verdicts which on their face show an error are the inconsistent verdicts of third degree murder and voluntary manslaughter. Because only these verdicts could have been reconsidered, counsel was ineffective for not requesting the court to instruct the jury to redeliberate only with respect to these inconsistent verdicts.

Further, even accepting the majority's erroneous premise that the jury could have validly reconsidered its verdict of acquittal of murder of the first degree, the majority's conclusion that counsel was effective despite his failure to request a limiting jury instruction is manifestly erroneous. Counsel advanced no interest of appellant by failing to request that the jury be directed to reconsider only its inconsistent verdicts of third degree murder and voluntary manslaughter. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Even if the court had refused the request, counsel would have preserved his meritorious objection for direct appellate review. And, of course, if the court had complied with counsel's request, on

redeliberation appellant could have been found guilty of no more than murder of the third degree, and possibly would have been found guilty of voluntary manslaughter or acquitted. In short, there was something to gain and nothing to lose by requesting the court to limit the scope of the jury's redeliberations.

Because counsel was clearly ineffective for not requesting that the jury be permitted to reconsider only its inconsistent verdicts, the order of the PCHA court should be reversed, the judgment of sentence vacated, and a new trial granted on the charges of murder of the third degree and voluntary manslaughter.