CIRILLO, Judge,
dissenting:
I respectfully dissent.
I believe that the judgment of sentence should be reversed and a new trial granted Osellanie, except as to the offense of first-degree murder for which Osellanie was acquitted,[1] because the jury could not lawfully return a verdict of guilty of all the criminal homicide offenses with which Osellanie was charged. Cf. Commonwealth v. Brightwell, 479 Pa. 541, 388 A.2d 1063 (1978) (Manderino, J., dissenting), cert. denied, 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 664 (1978).[2] Generally, we recognize that
*481 [consistency in criminal verdicts is not necessary, and logical inconsistencies will not serve as grounds for reversal. Inconsistent verdicts are proper so long as the evidence is sufficient to support the convictions the jury has returned.
Commonwealth v. Maute, 336 Pa.Super. 394, 407, 485 A.2d 1138, 1145 (1984) (emphasis added). See also Commonwealth v. Troy, 381 Pa.Super. 326, 553 A.2d 992 (1989), alloc. denied, 525 Pa. 626, 578 A.2d 413 (1990); Commonwealth v. Mathis, 317 Pa.Super. 362, 464 A.2d 362 (1983); Commonwealth v. Williams, 294 Pa.Super. 93, 439 A.2d 765 (1982); Commonwealth v. Shaffer, 279 Pa.Super. 18, 420 A.2d 722 (1980).
I begin with a discussion of Osellanie’s inconsistent jury verdicts with the Crimes Code definition of the various grades of criminal homicide, each of which is a separate offense:[3]
*482 § 2502. Murder
(a) Murder of the first degree. — A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.
(b) Murder of the second degree. — A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.
(c) Murder of the third degree. — All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.
§ 2503. Voluntary manslaughter
(a) General rule. — A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:
(1) the individual killed; or
(2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.
(b) Unreasonable belief killing justifiable. — A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but this belief is unreasonable.
(c) Grading. — Voluntary manslaughter is a felony of the second degree.
§ 2504. Involuntary manslaughter
*483 (a) General Rule. — A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.
(b) Grading. — Involuntary manslaughter is a misdemeanor of the first degree.
18 Pa.C.S. §§ 2502, 2503, 2504.
In order to determine the grade of homicide, if any, of which the defendant is guilty “it is necessary to look to his state of mind; the requisite mental state must be proved beyond a reasonable doubt ...” Commonwealth v. Bachert, 499 Pa. 398, 406, 453 A.2d 931, 935 (1982). See also 18 Pa.C.S. § 302 (a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense); 18 Pa.C.S. §§ 2501, 2502. In this Commonwealth, “murder is still governed by the Common law definition: the unlawful killing of another with malice aforethought, expressed or implied.” Commonwealth v. Sanders, 299 Pa.Super. 410, 421, 445 A.2d 820, 825 (1982) (citing Commonwealth v. Bowden, 456 Pa. 278, 309 A.2d 714 (1973)). See also Commonwealth v. Austin, 394 Pa.Super. 146, 575 A.2d 141 (1990); Commonwealth v. Fisher, 342 Pa.Super. 533, 493 A.2d 719 (1985); Commonwealth v. Drum, 58 Pa. 9 (1868); 18 Pa.C.S. 2502. See also Model Penal Code § 210.2(l)(a).
Malice, as an element of murder, is defined as “that condition of mind which prompts one to take the life of another without just cause or provocation.” Black’s Law Dictionary 862 (5th ed. 1979). In other words, “a criminal homicide is committed with malice if it is committed with an intent to kill.” Commonwealth v. Garcia, 474 Pa. 449, 378 A.2d 1199 (1977). See also Austin, 394 Pa.Super. at 153, 575 A.2d at 145 (“malice in its legal sense exists not only where there is a particular ill will, but also whenever there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind *484 regardless of social duties”). The element of malice must be established beyond reasonable doubt to sustain a conviction of murder. Austin supra; Commonwealth v. Reilly, 519 Pa. 550, 549 A.2d 503 (1988); Commonwealth v. Oates, 448 Pa. 486, 295 A.2d 337 (1972). Furthermore, malice is the distinguishing factor between manslaughter and murder. See 18 Pa.C.S. §§ 2502, 2503, 2504; Austin, supra; Commonwealth v. Wanamaker, 298 Pa.Super. 283, 444 A.2d 1176 (1982); Commonwealth v. Young, 494 Pa. 224, 431 A.2d 230 (1981). Absence of malice, therefore, is the critical determinate in establishing voluntary or involuntary manslaughter. See 18 Pa.C.S. §§ 2503, 2504; Commonwealth v. White, 366 Pa.Super. 538, 531 A.2d 806 (1987), alloc. denied, 520 Pa. 605, 553 A.2d 967 (1988); Garcia, supra; Commonwealth v. Polimeni, 474 Pa. 430, 378 A.2d 1189 (1977). See also Model Penal Code § 210(l)(b).
In this Commonwealth, as in most jurisdictions, manslaughter, which at common law was a single offense, is divided into two separate offenses. See 18 Pa.C.S. §§ 2503, 2504, Garcia, supra; Polimeni, supra; Perkins & Boyce, supra. Contra Model Penal Code §§ 210.3, 210.4 (provides for manslaughter committed recklessly or a homicide which would otherwise be murder when it is committed under extreme mental or emotional disturbance). Voluntary manslaughter is a homicide committed under a sudden and intense passion resulting from serious provocation or from an unreasonable belief that the killing is justified. 18 Pa.C.S. § 2503. See also Commonwealth v. Voytko, 349 Pa.Super. 320, 503 A.2d 20 (1986); Garcia, supra. Involuntary manslaughter, however, is a misdemeanor homicide where death occurs as a result of criminal negligence. 18 Pa.C.S. § 2504; Commonwealth v. Stehley, 350 Pa.Super. 311, 504 A.2d 854 (1986); Polimeni, supra.
An analysis of the elements of the two manslaughter offenses leads me to conclude that guilty verdicts for both voluntary manslaughter and involuntary manslaughter are clearly inconsistent. The homicide is either committed as a result of passion or provocation or an unreasonable belief *485 that the killing is justified, or as a result of acts, “whether lawful or unlawful, done in a reckless or grossly negligent matter.” Polimeni, 474 Pa. at 442, 378 A.2d at 1195. See also Garcia, supra; 18 Pa.C.S. §§ 2503-2504. It is simply a factual and legal impossibility to find that the killing was both unintentional (involuntary manslaughter) and intentional but committed when the actor was under the influence of a sudden and intense provocation or an unreasonable belief (voluntary manslaughter).
In the case at hand, the jury returned guilty verdicts for both charges of manslaughter. I am at a loss to explain why defense counsel failed to object to this inconsistency and why the trial court did not order the jury to redeliberate in order to return a clear and unequivocal verdict. See Commonwealth v. Dzvonick, 450 Pa. 98, 297 A.2d 912 (1972) (prior to recording the verdict, there are two accepted ways of verdict molding: 1) if the jury’s error is defective in form only, then the judge may correct it in open court, and 2) if the error is substantive, the court must send the jury back with additional instructions for further deliberation). See also Commonwealth v. Craig, 471 Pa. 310, 370 A.2d 317 (1977); Commonwealth v. Williams, 360 Pa.Super. 23, 519 A.2d 971 (1986); Commonwealth v. Shain, 324 Pa.Super. 456, 471 A.2d 1246 (1984). Nonetheless, I am convinced that such an error warrants reversal.
The greater inconsistency in this case, however, lies in the guilty verdicts returned by the jury, and allowed to stand by the trial judge, for both manslaughter offenses and the two murder offenses. As I previously noted, absence of malice is the critical determinate in establishing voluntary or involuntary manslaughter, as opposed to murder. White, supra; Garcia, supra; Polimeni, supra. Logically, therefore, if the evidence presented is only sufficient to support a killing without malice, it follows that the evidence cannot be sufficient to support the same killing with malice. “The finding of an absence of malice contained in the voluntary manslaughter verdict works as an acquittal of *486 the murder charge.” Brightwell, 479 Pa. at 550, 388 A.2d at 1068 (Manderino, J., dissenting).
Instantly, I cannot ignore the obvious and inherently illogical inconsistences in Osellanie’s multiple guilty verdicts for different degrees of homicide arising out of the same incident. Brightwell, supra (Manderino, J., dissenting). I am compelled to conclude that the jury’s finding of an absence of malice in the homicide creates a fatal ambiguity in the resulting verdicts. Cf. United States v. Barrett, 870 F.2d 953, 954 (3d Cir.1989) (where jury returned a general guilty verdict and appellate court was unable to determine whether jurors had voted to convict on greater or lesser offense charged, verdict was fatally ambiguous and case remanded for a new trial). I would, therefore, vacate Osellanie’s judgment of sentence and remand the case for a new trial on the homicide charges.

. The constitutional bar against double jeopardy precludes retrial of a criminal charge for which the defendant has been acquitted. See Commonwealth v. Zimmerman, 498 Pa. 112, 445 A.2d 92 (1981). See also Commonwealth v. Hickson, 402 Pa.Super. 53, 586 A.2d 393 (1990).

. After much research, I conclude that the issue of inconsistent homicide verdicts, where a jury has returned a verdict of guilty of more than one grade of homicide, has never been addressed on the merits in this jurisdiction. In each instance where this issue was raised on appeal, it has been found to have been waived because the issue was not presented to the trial court. See Commonwealth v. Shain, 324 Pa.Super. 456, 471 A.2d 1246 (1984); Commonwealth v. Brightwell, 479 Pa. 541, 388 A.2d 1063 (1978). Our sister states of New Jersey, New York and Delaware have failed to provide us with any guidance, as have the federal courts. I raise the issue in this case sua sponte because I conclude that counsel cannot waive his client’s right to be acquitted of some or all of the charges by failing to timely object to the inconsistent verdicts. Brightwell, 479 Pa. at 550, 388 A.2d at 1068 (Manderino, J., dissenting). Nor do I think justice is *481 served when the trial court erroneously allows inconsistent verdicts to be recorded instead of directing the jury to re-deliberate in order to arrive at consistent verdicts. See Shain, supra; Brightwell, supra; Commonwealth v. Johnson, 369 Pa. 120, 85 A.2d 171 (1952); Commonwealth v. Micuso, 273 Pa. 474, 117 A. 211 (1922).

. Historically, manslaughter has been commonly recognized as a lesser included offense of murder. See Commonwealth v. Garcia, 474 Pa. 449, 378 A.2d 1199 (1977) (involuntary manslaughter is a lesser included offense of murder); Commonwealth v. Polimeni, 474 Pa. 430, 378 A.2d 1189 (1977) (voluntary manslaughter is a lesser included offense of murder). Manslaughter is a lesser included offense of murder because the two crimes are, in the broadest sense, "different degrees of felonious homicide.” R. Perkins & R. Boyce, Criminal Law 124-125 (3d ed. 1982). See abo 18 Pa.C.S. § 2501. In terms of charging a defendant with murder, therefore, a defendant is entitled to have the jury receive instructions on and return a verdict of guilty of the lesser included offense of manslaughter. Commonwealth v. Schaller, 493 Pa. 426, 426 A.2d 1090 (1980); Commonwealth v. Gartner, 475 Pa. 512, 381 A.2d 114 (1977); Garcia, supra; Polimeni, supra. The purpose of the lesser included offense rule was to
prevent the prosecution from failing where some element of the crime of murder was not made. Second, it was designed to redound to the benefit of the defendant, since its effect is actually to empower the jury to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence.
Commonwealth v. Jones, 457 Pa. 563, 569, 319 A.2d 142, 146 (1974) (Opinion in Support of Affirmance), cert. denied, 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974).
*482 For purposes of conviction, however, manslaughter is not a degree of the crime of murder, but is a distinct offense. Perkins & Boyce, supra; 18 Pa.C.S. §§ 2503, 2504. After a jury is charged, a defendant can only be found guilty of either murder or manslaughter but not of both offenses as the element of malice, required for a conviction of murder, is not an element of the lesser crime of manslaughter. Garcia, supra; Polimeni, supra; Commonwealth v. Brightwell, 479 Pa. at 550, 388 A.2d at 1068 (Manderino, J., dissenting).