### III.

James V. Wade, First Asst., Federal Public Defender's Office, Harrisburg, Pa., John G.S. Flym (argued), Northeastern Univ. Law School, Boston, Mass., for appellant.

James J. West, U.S. Atty., Scranton, Pa., and Frederick E. Martin (argued), Asst. U.S. Atty., U.S. Attorney's Office, Lewisburg, Pa., for appellee.

**UNITED STATES of America**

v.

**BARRETT James, Appellant.**

No. 88–5385.

United States Court of Appeals, Third Circuit.

Argued Dec. 2, 1988.

Decided March 31, 1989.

Before SEITZ, STAPLETON and COWEN, Circuit Judges.

### OPINION OF THE COURT

SEITZ, Circuit Judge.

Defendant, James Barrett, appeals from sentences imposed after conviction by a jury on two counts. We have jurisdiction under 28 U.S.C. § 1291.

At the time of the events leading to the conviction we now review, the defendant was serving a sentence at the federal penitentiary at Lewisburg, Pennsylvania for a felony conviction for an offense against the United States as well as for a state conviction. Defendant and his then cellmate, Stanley Ulatowsky (Ulatowsky), were named as defendants in a multicount indictment containing conspiracy and substantive counts involving the possession of contraband in prison to aid in a prison escape attempt. Putting aside for the moment defendant's claim of prosecutorial misconduct, we address his attack on his conviction on Counts I and IX.

Count I charged defendant and Ulatowsky under 18 U.S.C. § 371 with conspiracy to commit offenses against the United States and proceeded to identify five object

offenses. The punishment for conspiracy is a fine of not more than $10,000 or imprisonment for not more than five years unless the object offense is a misdemeanor, in which case the punishment is limited to the maximum punishment provided for that object offense. 18 U.S.C. § 371. Two of the object offenses listed in the indictment are felonies—attempt to escape in violation of 18 U.S.C. § 751(a) and to possess false identification in violation of 18 U.S.C. § 1028(a)(1) and (6). A third object was to possess "prohibited objects" in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(c)(1)(B), (E) and (F). This offense could be punishable as a misdemeanor or a felony depending on the nature of the prohibited objects. The fourth and fifth objects are misdemeanors—to cut cell bars in violation of 18 U.S.C. § 1361 and to possess stolen goods in violation of 18 U.S.C. § 641.

Count IX charged defendant with the substantive felony crime under 18 U.S.C. §§ 1791(a)(2) and 1791(c)(1)(B) of possession on June 16, 1987 of a prohibited object, a cutting instrument, designed or intended to facilitate escape.

Ulatowsky entered a guilty plea and defendant proceeded to trial. A narration of the proceedings subsequent to the close of the evidence is important to an understanding of defendant's claims of trial error.

While the jury was deliberating the district court called the jury back and, at the defendant's behest and over the government's objection, gave a "lesser included offense" instruction, which it had earlier refused to give. On Count I (conspiracy) it instructed the jury that "the charge in count one, conspiracy to commit felonies or misdemeanors, necessarily includes the lesser offense of conspiracy to commit misdemeanors." We note that the indictment does not explicitly charge a conspiracy to commit felonies or misdemeanors.

The judge also instructed the jury as to Count IX that the charge of possession of a cutting instrument "necessarily includes the lesser offense of possessing or obtaining prohibited objects that threaten the order, discipline or security of a prison or

threaten the life, health or safety of an individual." 18 U.S.C. §§ 1791(a)(2) and 1791(c)(1)(F). This "lesser offense" is punishable as a misdemeanor.

The jury was given verdict slips to record its verdicts. The form, prepared by the judge, merely provided for a place to check guilty or not guilty. While the jury was still deliberating and after the lesser included offense charge was given, defense counsel requested the judge to give the jury more specific verdict slips that would indicate a third alternative, guilty of a lesser included offense as to Counts I and IX. The court denied the request even though, at the court's suggestion, defense counsel submitted an appropriate form.

The jury returned a general verdict of guilty on Count I (conspiracy) and on Count IX (possession of a prohibited object, etc.). In consequence, the court could not know at that point whether to sentence defendant for felonies or misdemeanors. It thereafter required the jury to answer special interrogatories. Based on the jury's answers the court sentenced defendant on both counts under the pertinent felony provisions. This appeal followed.

## COUNT I

The defendant first contends that the district court erred in not modifying the jury verdict slip so as to provide the jury with a third alternative of guilty to a lesser included offense—conspiracy to commit misdemeanors. The government's position on Count I is not entirely clear. We interpret it as proceeding on the assumption that a conspiracy to commit a felony may, in a proper case, support a lesser included offense charge of conspiracy to commit a misdemeanor. The government argues that the special interrogatories may be used to assist in identifying the offense for which defendant was convicted. Our review is plenary.

The district court instructed the jury, in essence, that it might find any one of three possible verdicts: guilty as charged, guilty of a lesser included offense or not guilty. However, the verdict slip provided only for

places to mark guilty or not guilty. It did this despite defendant's request that it also provide for a vote on the charged lesser included offense. Thus, when the jury marked guilty on the verdict slip, it could mean that it was convicting defendant either on the charged offense or the lesser included offense. The ambiguity in the verdict was thus manifest and constituted reversible error. As Devitt and Blackmar state in § 18.05 of their work entitled *Federal Jury Practice and Instructions:*

> When [a] jury is instructed on a lesser-included offense and it returns a general verdict of guilty, the verdict is fatally ambiguous and the case will be remanded for new trial. *Glenn v. United States,* 137 U.S.App.D.C. 120, 420 F.2d 1323 (1969). This problem can be avoided by furnishing verdict forms to the jury which leave no doubt as to what the jury has determined.

1 F. Devitt and C. Blackmar, *Federal Jury Practice and Instructions* § 18.05, at 584 (3d ed. 1977).

█ The government's response seems to be that answers to the special interrogatories may be employed to resolve the ambiguity in the general verdicts. We do not agree. Such use would constitute a manifest invasion of the jury's exclusive deliberative function in arriving at a verdict. *Compare United States v. Spock,* 416 F.2d 165, 182 (1st Cir.1969). The use of special interrogatories in some cases to assist in sentencing is to be sharply contrasted with any use of them to clarify an ambiguous verdict.[1]

We conclude that the conviction and sentence on Count I must be vacated since the general verdict was ambiguous in light of the lesser included offense charge and the form of the verdict slip.

## COUNT IX

As to the conviction under Count IX charging a felony offense, the government's principal argument is that the requested lesser included offense charge

should not have been given because of the insufficiency of the evidence to support such a possible verdict. Even if the government is correct, how can it be known whether the jury nevertheless purported to find defendant guilty of a lesser included offense? The question answers itself. We cannot know and the general verdict is therefore ambiguous. Again, contrary to the government's position, the ambiguity in the verdict cannot be cured by answers to special interrogatories. They, of course, were designed to assist the court in performing its sentencing responsibilities. The verdict and sentence on Count IX cannot stand.

On retrial the district court will be free to determine anew on both counts whether, if requested, a lesser included offense charge is required.

## USE OF SPECIAL INTERROGATORIES AND ALLEGED PROSECUTORIAL MISCONDUCT

In view of the fact that we will vacate the verdict and sentence under Counts I and IX, and remand for a new trial, we find it unnecessary to address defendant's constitutional attack on the use generally of special interrogatories and the claimed alleged prosecutorial misconduct. Given the rather uneven pace at which this trial unfolded, we think the court and the parties will benefit from a more measured opportunity to process the charges here involved.

## CONCLUSION

The convictions and sentences on Counts I and IX will be vacated and a new trial ordered.

STAPLETON, Circuit Judge, concurring:

I concur in the judgment of the court. I write separately because I fear the court's distinction between special interrogatories as a tool for clarifying a verdict and as an aid to sentencing is likely to send an unin-

---

**1.** This case does not implicate the general rule that a district judge can send a jury back for further deliberations where the jury returns an

ambiguous verdict. *See United States v. Lee,* 532 F.2d 911, 913 (3d Cir.1976).

tended message that may curtail utilization of special interrogatories.

Using special interrogatories to find out whether a jury, that has already returned a verdict of guilty on a conspiracy charge, found the defendant guilty of conspiring to commit a felony or of conspiring to commit a misdemeanor infringes the jury's prerogatives no more or less if one characterizes the practice as "clarifying an ambiguous verdict" than if one characterizes it as an essential "aid to sentencing." However one characterizes such a use of special interrogatories, any constraining influence on jury nullification seems to me nill or at least de minimus, and given the utility of special interrogatories in this context, I would sanction their use.

As Judge Weis, writing for this Court in *United States v. Desmond,* 670 F.2d 414, 418 (3d Cir.1982), has observed:

> ... [T]here are circumstances where the use of special findings may be necessary; for example, in treason cases where the Constitution requires a finding of an overt act, *Kawakita v. United States,* 343 U.S. 717, 72 S.Ct. 950, 96 L.Ed. 1249 (1952), or where a determination of certain facts will be crucial to the sentence such as in certain conspiracy cases. In the latter situation, the appropriate information may be obtained by submitting special interrogatories to the jury after a guilty verdict has been returned. *See, e.g., United States v. Uzzolino,* 651 F.2d 207 (3d Cir.1981). *See also,* 8A Moore's Federal Practice and Procedure § 31.02[3].

This observation is consistent with the conclusions reached in the caselaw from other circuits. *E.g., United States v. Buishas,* 791 F.2d 1310, 1317 (7th Cir.1986) (in a §§ 846, 841 conspiracy case, special interrogatories are proper for sentencing purposes when they are designed to determine the amount of the object drug in which the defendants were dealing); *United States v. Dennis,* 786 F.2d 1029, 1038–1040 (11th Cir.1986), *cert. denied,* 481 U.S. 1037, 107 S.Ct. 1973, 1974, 95 L.Ed.2d 814 (1987) (stating in *dicta* that in a § 846 conspiracy count charging the defendants with con-

spiracy to distribute two or more separate drugs for which differing sentences are possible, the trial judge should use special interrogatories to clarify which of the charged drugs the defendants were found by the jury to have conspired to distribute); *United States v. Orozco–Prada,* 732 F.2d 1076, 1083–1084 (2d Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 155, 83 L.Ed.2d 92 (1984) (indicating that in a case where there were two objects of a conspiracy with different penalties contained in one count, a special verdict is appropriate to determine which object the jury found to be supported by the evidence); *United States v. Carman,* 577 F.2d 556, 566–568 (9th Cir.1978) (stating that in a conspiracy count that contains an invalid as well as valid object offenses and where a "one-is-enough" instruction is given, a special verdict can be used with respect to each substantive crime that the composite conspiracy count mentions); *United States v. Quicksey,* 525 F.2d 337, 341 (4th Cir.1975), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976) (the defendants were charged in one count with two conspiracies that allowed for different sentences, a general conspiracy and a drug conspiracy, the court stated that "in the absence of a special verdict, it is not possible to ascertain [which statute] the jury intended to find the defendant guilty of conspiracy to violate ..."); *Williams v. United States,* 238 F.2d 215, 218 (5th Cir.1956), *cert. denied,* 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957) (stating that the defendant could have requested, *inter alia,* a special verdict requiring the jury to specify which offense(s) they found the conspiracy was concerned with if they found the accused guilty); *see also* 1 F. Devitt, C. Blackmar, *Federal Jury Practice and Instructions,* § 18.09, at 592–593 (3d ed. 1977); 8A *Moore's Federal Practice,* ¶ 31.02[3], pp. 31–10, 31–11 (2d ed. 1988).

The problem in the case before us is not the intrusive nature of special interrogatories as here used. The problem is that by giving the jury a verdict sheet that was inconsistent with the charge, the district court created such a confusing situation for the jury that one can have no confi-

dence in the product of its labors. Because I believe this error irremediably tainted the jury's deliberations, I join in the court's judgment.