

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# USA v. Hedgepeth

Precedential or Non-Precedential: Precedential

Docket No. 04-4564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hedgepeth" (2006). *2006 Decisions.* Paper 1680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4564
_____

UNITED STATES OF AMERICA

v.

DARIN L. HEDGEPETH,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00294)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2005

Before: ALITO, AMBRO, and LOURIE,* <u>Circuit Judges</u>

_____

* Honorable Alan D. Lourie, Circuit Judge for the United
States Court of Appeals for the Federal Circuit, sitting by
designation.

(Opinion filed January 12, 2006)

Daniel M Myshin, Esquire
4800 Linglestown Road, Suite 305
Harrisburg, PA   17112

        Counsel for Appellant

Thomas A. Marino
   United States Attorney
James T. Clancy, Esquire
   Assistant U.S. Attorney
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA   17108

        Counsel for Appellee

---

OPINION OF THE COURT

---

AMBRO, Circuit Judge

Darin L. Hedgepeth appeals from his conviction and sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), possession of crack cocaine, 21 U.S.C. § 844, and possession of crack cocaine

2

while on pre-trial release, 18 U.S.C. § 3147 and 21 U.S.C. § 844. He alleges that the District Court abused its discretion by (a) denying his pretrial motion to strike portions of a superseding indictment that included factors relevant to sentencing and (b) submitting, over Hedgepeth's objection, a special verdict slip to the jury that included the contested sentencing factors. For the reasons provided below, we affirm.

## I.     Factual and Procedural History

Hedgepeth was indicted in October 2003 on charges of manufacturing counterfeit currency in violation of 18 U.S.C. § 471 and possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). The Government subsequently filed three superseding indictments, the first two of which added charges for possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871, possession of crack cocaine in violation of 21 U.S.C. § 844, and possession of crack cocaine while on pre-trial release in violation of 21 U.S.C. § 844 and 18 U.S.C. § 3147. The third superseding indictment added a Notice of Special Findings containing factors that would affect sentencing if they were found to exist by a jury beyond a reasonable doubt, including: (a) whether Hedgepeth possessed a shotgun with a barrel length of less than eighteen inches; (b) whether the offense involved three or more firearms; and (c) whether one or more of the firearms involved in the offense was stolen. Hedgepeth filed a motion to strike the sentencing factors as surplusage and the District Court denied

3

the motion. At the August 2004 trial, a Special Verdict Form was submitted to the jury, over Hedgepeth's objection, that included the three sentencing factors added by the third superseding indictment.

Central to this case is that the Government's decisions to file the third superseding indictment and submit the special verdict form were prompted by the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 304 (2004) (holding that any fact, other than a prior conviction, that increased a sentence beyond the maximum a judge could impose based on admitted conduct must be pled and proven to a jury beyond a reasonable doubt). Seven months after *Blakely*, the Supreme Court struck the Federal Sentencing Guidelines insofar as they were mandatory. *United States v. Booker*, 125 S. Ct. 738, 766 (2005). Thus, "mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone," is constitutionally impermissible. *United States v. Davis*, 407 F.3d 162, 163 (3d Cir. 2005). In Hedgepeth's case the Government chose to respond to the post-*Blakely,* pre-*Booker* context by pleading and proving the sentence enhancements to the jury.

The jury found Hedgepeth guilty of possession of a firearm by a previously convicted felon, possession of crack cocaine, and possession of crack cocaine while on pre-trial release. (He was found not guilty of possession of a sawed-off shotgun and a mistrial was granted as to the counterfeiting charge because the jury could not reach a verdict.) With respect

4

to the felon in possession of a firearm offense, the jury found two of the three sentencing factors beyond a reasonable doubt (that the offense involved three or more firearms and that at least one of the firearms was stolen).  Hedgepeth appeals, alleging that the District Court unfairly prejudiced him and committed reversible error by denying his pretrial motion to strike portions of the third superseding indictment and submitting, over his objection, the special verdict slip to the jury.[1]

## II.  Discussion

### A.      Standard of Review

We review for abuse of discretion the District Court's decision to deny a motion to strike surplusage from an indictment.  *See, e.g.*, *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998); 1 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 127, at 277–78 (3d ed. 1999).  Motions to strike surplusage are rarely granted. *United States v. Alsugair*, 256 F. Supp. 2d 306, 317 (D.N.J. 2003); *see also United States v. Pharis*, 298 F.3d 228, 248 (3d Cir. 2002) (Cowen, J., dissenting) ("[T]he scope of a district court's discretion to strike material from an indictment is

---

[1]The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

narrow." (internal quotation marks omitted)).

The District Court's decision to submit a special verdict form to the jury is also reviewed for abuse of discretion. *United States v. Console*, 13 F.3d 641, 663 (3d Cir. 1993); *Waldorf v. Shuta*, 896 F.2d 723, 740 (3d Cir. 1990).

**B.      Notice of Special Findings in the Indictment**

An indictment must contain "the elements of the offense charged" and enable the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citation omitted); *United States v. Olatunji*, 872 F.2d 1161, 1168 (3d Cir. 1989). "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *United States v. Miller*, 471 U.S. 130, 136 (1985). However, upon the defendant's motion, the court may strike surplusage from the indictment or information. Fed. R. Crim. P. 7(d). "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) Advisory Committee's Note.

Hedgepeth asserts that our Court has not determined

6

whether the test for striking surplusage is "irrelevant <u>or</u> prejudicial" or "irrelevant <u>and</u> prejudicial." Indeed, the only Third Circuit reference to this test is Judge Cowen's dissent in *United States v. Pharis*, suggesting that surplus material "'may only be stricken if it is irrelevant and prejudicial.'" 298 F.3d at 248 (quoting *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997)). District courts in our Circuit have not applied a consistent test. *Compare United States v. Ali*, 2005 WL 1993519, at *1 (E.D. Pa. Aug. 16, 2005) (motion to strike surplusage should only be granted where it is clear that information in indictment "not relevant, and the surplusage is prejudicial or inflammatory in nature"), *with United States v. Yeaman*, 987 F. Supp. 373, 376 (E.D. Pa. 1997) (motion to strike should be granted if allegations irrelevant or prejudicial), *and United States v. Gatto*, 746 F. Supp. 432, 455 (D.N.J. 1990) (same).

We hold that, upon the defendant's timely motion, the court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial. Logic demands the conjunctive standard: information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion. Application of the conjunctive test is also in keeping with the Advisory Committee's Note to Fed. R. Crim. P. 7(d) (referencing "immaterial or irrelevant allegations . . . which may . . . be prejudicial") and the decisions

7

of our sister courts. *See, e.g.*, *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998); *United States v. Scarpa,* 913 F.2d 993, 1013 (2d Cir. 1990); *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979); *United States v. Anderson,* 579 F.2d 455. 457 n.2 (8th Cir. 1978), *cert. denied*, 439 U.S. 980 (1978); *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971); *see also* 1 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 127, at 634. (3d ed. 1999) (the "purpose of [Fed. R. Crim. P. 7(d)] is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts").

Here, we need not address whether the sentencing factors were relevant to the charged offense because the Government claims that the third superseding indictment was neither shown nor read to the jury and Hedgepeth does not contest this assertion. In the absence of any evidence that the jury was exposed to the third superseding indictment, Hedgepeth's claim of prejudice fails before it leaves the gate, as information never revealed to the jury could not have prejudiced its deliberations.

In this context, the District Court did not abuse its discretion in denying Hedgepeth's motion to strike portions of the third superseding indictment.

C.     **Special Verdict Form**

"Although special interrogatories are disfavored in criminal trials, this court has established no per se rule against

8

them." *United States v. Palmeri*, 630 F.2d 192, 202 (3d Cir. 1980), *cert. denied*, 450 U.S. 967 (1981) (citations omitted). "Nevertheless, there are circumstances where the use of special findings may be necessary," including "where a determination of certain facts will be crucial to the sentence . . . ." *United States v. Desmond*, 670 F.2d 414, 418 (3d Cir. 1982); *see also United States v. Barrett*, 870 F.2d 953, 955 (3d Cir. 1989) ("sharply contrast[ing]" use of special interrogatories "to assist in sentencing" with their impermissible use "to clarify an ambiguous verdict").

The "disfavor with which courts view special interrogatories in criminal cases results from interrogatories that lead the jury in a step-by-step progression to a verdict of guilty." *Palmeri*, 630 F.2d at 202. Therefore, our Court has held that, when special findings are necessary for sentencing purposes, "the appropriate information may be obtained by submitting special interrogatories to the jury after a guilty verdict has been returned." *Desmond*, 670 F.2d at 418.[2]

---

[2] A special interrogatory has been submitted "after" a guilty verdict has been returned when jurors are instructed on a single form to answer the special interrogatory only after filling out a verdict of guilty or not guilty. *See generally* Kate H. Nepveu, *Beyond "Guilty" or "Not Guilty:" Giving Special Verdicts in Criminal Jury Trials*, 21 Yale L. & Pol'y Rev. 263, 294 (Winter 2003) (contrasting "extreme" practice of handing jury special findings forms only after they state they have come to a verdict

In this case the verdict slip was structured so that the jury was first instructed to determine whether Hedgepeth was guilty of possession of a firearm by a felon and only then move to consideration of the special findings.[3] The danger of prejudice to Hedgepeth was thus alleviated, as we cannot say that the jury was led step-by-step to a guilty verdict when the special findings followed the guilt determination.[4] *See Console*, 13 F.3d at 663; *see also United States v. Ruggiero*, 726 F.2d 913, 929 (2d Cir. 1983) (Newman, J., concurring in part and dissenting in part) ("an instruction to the jury . . . that the interrogatory . . . is to be answered only in the event that the jury has agreed upon a general verdict of guilty.   . . . enables the jury to perform its generalized task first, responding to the interrogatory thereafter

with standard practice of using a single form).

[3]At the top of the relevant page of the verdict slip was the following statement: "As to the charge of knowing possession of firearms by a previously convicted felon, we find the defendant [Guilty or Not Guilty ]." The next line on the verdict slip instructed the jury as follows: "If you found the defendant Guilty, go to [the special finding questions]; if you found the defendant Not Guilty, go to [the next charged count]."

[4] Although an argument could be made that the jurors could have looked down the page at the special findings before rendering a guilty verdict, "we must assume that the jury understood and followed the court's instructions." *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 105 (3d Cir. 1993).

10

only if a guilty verdict reflects that the jury has found all the elements of an offense established."). Further, the jury found that one of the special findings had not been proven, and that Hedgepeth was not guilty on one of the charges, suggesting that the jurors were not so swayed by the inclusion of the sentencing factors on the verdict slip that they could not engage in careful deliberation. *See Palmeri*, 630 F.2d at 203 (citing jury's acquittal of defendants on some counts and not others as evidence that jury understood the verdict form). As we have held that special interrogatories are appropriate in the sentencing context when they are considered by the jury after a guilty verdict has been rendered, it was not an abuse of discretion for the District Court to allow the Government to submit the special verdict form to the jury.

\* \* \* \* \*

As we conclude that the District Court did not abuse its discretion either by denying the pretrial motion to strike or submitting the special verdict slip to the jury, its judgment of conviction and sentence is affirmed.

11