**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4736**

———————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

WENDY BENS,

                                   Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CR-04-40)

———————

Submitted:  June 7, 2006            Decided:  June 15, 2006

———————

Before WILKINS, Chief Judge, and WILKINSON and MICHAEL, Circuit
Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Harry D. McKnett, Columbia, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Michael J. Leotta, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Defendant Wendy Bens raises various challenges to his drug-related convictions. Finding no error, we affirm.

I.

Wendy Bens was a Coast Guard petty officer stationed in Boston, Massachusetts, whose duties included preventing drugs from entering the United States from the Caribbean. Defendant was also, however, involved in trafficking narcotics from the Caribbean to the United States. In January 2004, Bens arranged for Alison Alexander to travel to Curacao, Netherlands Antilles, to pick up cocaine from two of Bens's associates. On January 27, 2004, Alexander returned to the United States with 2.4 kilograms of cocaine stashed in a suitcase, and was promptly arrested at the Baltimore/Washington International Airport.

Alexander cooperated with authorities, and while law enforcement agents listened in, he arranged for Bens to retrieve the suitcase containing the cocaine. On January 31, 2004, Bens and a fellow Coast Guard officer traveled from Boston to Baltimore and found the suitcase, its contents since replaced with fake cocaine by law enforcement. They were later arrested. At the time of his arrest, defendant was carrying two suits of Coast Guard-issued bullet-proof body armor, as well as a .45 caliber handgun.

2

Defendant was charged with conspiracy to import cocaine, see 21 U.S.C. §§ 952(a), 960(a), 963 (2000), importing cocaine, see id. §§ 952(a), 960(a), possession with intent to distribute cocaine, see id. § 841(a), conspiracy to possess with intent to distribute cocaine, see id. §§ 841(a), 846, and possession of a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c) (2000). On October 26, 2004, a jury found Bens guilty on all counts.

## II.

Bens first argues that the district court improperly submitted to the jury a verdict form requesting special findings of fact designed to serve as the basis for various sentencing enhancements. The district court's selection of verdict forms is reviewed for abuse of discretion, see, e.g., United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006); United States v. Martinson, 419 F.3d 749, 753 (8th Cir. 2005), and we find no error here. The special findings were charged in the indictment, and the district court required the jury to determine them beyond a reasonable doubt. Bens does not contend that his sentence violated the Sixth Amendment or that the verdict form was otherwise prejudicial. The sentencing in this case moreover took place during the period of uncertainty between Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and indeed, had the

3

district court found the facts itself, this may well have resulted in <u>Booker</u> error warranting resentencing. Submitting a special verdict form to the jury was thus not improper under these circumstances. <u>See</u> <u>Hedgepeth</u>, 434 F.3d at 613-14.

Bens next argues that insufficient evidence supported the jury's conclusion that he possessed a firearm in furtherance of a drug trafficking crime, <u>see</u> 18 U.S.C. § 924(c). "[W]hen a defendant challenges the sufficiency of the evidence on appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Collins</u>, 412 F.3d 515, 519 (4th Cir. 2005) (internal quotation marks omitted). In this case, a reasonable jury could conclude that Bens possessed a firearm in furtherance of a drug trafficking crime when the evidence showed that he brought a gun with him to Baltimore on a trip to acquire cocaine, and that he was carrying the gun at the time of his arrest.

Bens next contends the district court abused its discretion in refusing to declare a mistrial on the ground that the government's contact with his fiancée, Lovenska Antoine, impeded his ability to call her as a witness. According to Bens, Antoine would have testified that Bens never arranged for Alexander to travel to Curacao to obtain cocaine, but government investigators deterred

4

her from doing so by visiting her and inquiring about Bens, serving a subpoena upon her for certain documents, and allegedly acting as though they worked on Bens's behalf.

"A criminal defendant's due process rights are violated if governmental intimidation of a witness amounts to substantial government interference with a defense [witness's] free and unhampered choice to testify." United States v. Moore, 11 F.3d 475, 479 (4th Cir. 1993) (internal quotation marks omitted). If a defendant can make this showing, "the inquiry moves to the question of whether it was prejudicial or harmless error." See United States v. Saunders, 943 F.2d 388, 392 (4th Cir. 1991). In this case, even if the government's interactions with Antoine somehow qualify as substantial interference as opposed to standard investigative work, any error was harmless. Antoine's prospective testimony, which pertained to only a single conversation between Bens and Alexander, would have done little to refute the government's evidence at trial, namely, that Alexander returned from Curacao with drugs and contacted Bens to pick them up, and that Bens armed himself and traveled to Baltimore for the purpose of doing so. The district court's denial of Bens's motion for a mistrial was thus not an abuse of discretion.

III.

Bens raises other assignments of error, which we have reviewed with care and find to be without merit.  We accordingly affirm Bens's convictions and sentence, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED