**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4751**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

LAVONTE LAMONT HALLMAN,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:12-cr-00097-MOC-DCK-1)

———————

Submitted:  June 26, 2014          Decided:  July 10, 2014

———————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Haakon Thorsen, THORSEN LAW OFFICES, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lavonte Lamont Hallman of conspiracy to commit robbery affecting interstate commerce by force or violence (Count One), 18 U.S.C. § 1951 (2012) ("Hobbs Act"); robbery affecting interstate commerce by force or violence (Count Two), 18 U.S.C. § 1951; using and carrying a firearm during and in relation to a crime of violence (Count Three), 18 U.S.C. § 924(c) (2012); and possession of a firearm by a convicted felon (Count Four), 18 U.S.C. § 922(g)(1) (2012). Designated a career offender, Hallman received a below-Guidelines sentence of 294 months' imprisonment.

On appeal, Hallman raises four claims, all of which stem from his argument that his robbery of an O'Reilly auto parts store in Charlotte, North Carolina, had no impact on interstate commerce and therefore this case does not fall within the scope of the Hobbs Act. Specifically, he claims that there was insufficient evidence to sustain his Hobbs Act convictions; the district court erred in denying his motion to strike the introduction of the indictment related to the store's commerce-related activities; there was no basis for federal jurisdiction; and his sentence was disproportionately high. We affirm.

Hallman first asserts that his conviction is not supported by sufficient evidence. We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d

180, 186 (4th Cir. 2010).  We are "obliged to sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008) (internal quotation marks and citations omitted).  Substantial evidence in the context of a criminal action is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

The Hobbs Act makes it a crime to commit robbery or extortion to obstruct, delay, or affect commerce or the movement of any commodity in commerce.[*]  "A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce."  United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003).  The Hobbs Act's "jurisdictional predicate is satisfied where the instant offense has a 'minimal effect' on interstate commerce."  United States v. Tillery, 702 F.3d 170, 174 (4th Cir. 2012), cert. denied, 133

---

[*] In pertinent part, the Hobbs Act provides: "Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."  18 U.S.C. § 1951(a).

3

S. Ct. 2369 (2013). For purposes of the Hobbs Act, a robbery "has a minimal effect on interstate commerce when it depletes the assets of an inherently economic enterprise," and in making this determination, this court "do[es] not look at the impact of the immediate offense, but whether the relevant class of acts has such an impact." Id. (internal quotation marks and citations omitted); see also United States v. Taylor, ___ F.3d ___, 2014 WL 2535474 (4th Cir. June 6, 2014) (No. 13-4316) (reaffirming that the class of activities are considered in the aggregate in order to determine whether they impact interstate commerce).

Hallman argues "there was absolutely no interference with interstate commerce, [] no probable effect . . . and no depletion of the store's assets." But an impact to interstate commerce is not difficult to show. Taylor, ___ F.3d at ___, 2014 WL 2535474 at *3. Contrary to Hallman's argument, the minimal impact on interstate commerce may be shown by "proof of probabilities without evidence that any particular commercial movements were affected." United States v. Brantley, 777 F.2d 159, 162 (4th Cir. 1985). Having reviewed the record, we conclude that the evidence was more than sufficient to establish the interstate commerce element essential to sustain Hallman's convictions under the Hobbs Act and that his challenge to federal jurisdiction on this basis likewise fails.

Next, Hallman claims the district court erred in denying his motion to strike the introduction in the indictment, which detailed the ways in which the auto parts store was engaged in interstate commerce. "[A] motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Williams, 445 F.3d 724, 733 (4th Cir 2006) (internal quotations and citation omitted); see also United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.").

Here, the allegations in the introduction to the indictment were clearly related to the auto parts store's ties to interstate commerce, a necessary component of the Hobbs Act charges. We further conclude that the district court correctly determined that that statement did not contain inflammatory or unfairly prejudicial allegations and that it, therefore, properly denied the motion to strike.

Last, Hallman claims that he has been subject to cruel and unusual punishment because his sentence is disproportionate to the sentence the state would have imposed for the robbery.

5

We review de novo challenges to sentences on Eighth Amendment grounds. United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009). The Eighth Amendment forbids cruel and unusual punishments and implicitly requires that a criminal sentence be proportionate to the crime or crimes of conviction. Solem v. Helm, 463 U.S. 277, 284 (1983). We recently clarified that proportionality review is available for a term-of-years sentence. United States v. Cobler, 748 F.3d 570, 579 (4th Cir. 2014); see also United States v. Hashime, 734 F.3d 278, 287-88 (4th Cir. 2013) (King, J., concurring) (explaining that proportionality review is available for sentences less than life without possibility of parole).

In analyzing a claim that a sentence violates the Eighth Amendment, we must first decide whether a threshold comparison of the gravity of a defendant's offenses and the severity of his sentence leads to the inference that his sentence is grossly disproportionate to his crimes. Cobler, 748 F.3d at 579-80. In the "rare case" that a defendant establishes this inference, "the [C]ourt should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." Graham v. Florida, 560 U.S. 48, 60 (2010).

6

We conclude that Hallman cannot show that his below-Guidelines sentence of 294 months' imprisonment presents the "rare case" sufficient to raise an inference of gross disproportionality. His Guidelines range was generated by his career offender status and, in any event, the district court granted a downward variance because the Hobbs Act robbery in this case was not as severe as other potential Hobbs Act offenses. We therefore reject Hallman's Eighth Amendment challenge to his sentence.

Accordingly, we affirm Hallman's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>