NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 22-3183 and 23-1016
_____

UNITED STATES OF AMERICA

v.

MICHAEL GOLDNER,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-21-cr-00229-001)
District Judge: Honorable Mark A. Kearney
(D.C. Criminal No. 2-15-cr-00002-001)
District Judge: Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 3, 2023

Before: SHWARTZ, MATEY, and SCIRICA, *Circuit Judges.*

(Filed: December 7, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

This appeal involves two criminal cases against the same defendant, Michael Goldner—an earlier fraud case and a later tax case. Goldner pled guilty in the fraud case and was sentenced to serve five years' probation and pay nearly $5 million in restitution. During his term of probation, Goldner was found guilty of tax evasion and sentenced to forty months in prison. The District Court determined Goldner violated his probation because he failed to pay the ordered restitution and because he was convicted in the tax case. Goldner now challenges both the revocation of his probation in the fraud case and his conviction in the tax case. Because all of Goldner's challenges fail, we will affirm.

I.[1]

In 2016, Goldner pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of tax evasion, in violation of 26 U.S.C. § 7201. The District Court sentenced Goldner to five years' probation and ordered him to pay $4,986,266 in restitution. Goldner began serving his probation on July 15, 2016.

As a condition of his probation, Goldner was required to pay at least fifty percent of his gross earnings as restitution. He did not. For example, between September 2016 and September 2017, Goldner paid only about $30,000 in restitution despite reporting $120,000 in gross income. In 2018, Goldner's probation officer filed a report of violation with the District Court. The court issued a "Notice" directing Goldner to appear at a particular place and time and to be "given a hearing on the charges" made by the probation officer. App. 97. At the hearing, the court chose to take the matter under

---

[1] We write solely for the parties and so only briefly recite the essential facts.

advisement rather than immediately revoke probation.

In June 2021, Goldner was indicted for tax evasion, in violation of 26 U.S.C. § 7201, and for failing to file his 2018 and 2019 tax returns, in violation of 26 U.S.C. § 7203. The indictment contained information about Goldner's obligation to pay restitution for his prior criminal conviction. Goldner moved to strike this information as surplusage and prejudicial. The court denied the motion.

Following Goldner's indictment in the tax case, the probation officer filed an amended violation report. Once again, the court issued a "Notice" directing Goldner to appear at a certain time and place for a hearing on the charges. The proceeding was continued pending the outcome of the tax case.

Goldner went to trial on the tax charges, and a jury convicted him on all counts. In November 2022, the District Court sentenced him to forty months' imprisonment and three years' supervised release. In December of that year, Goldner moved to dismiss the pending probation revocation proceedings, arguing that because the term of probation had expired, the court lacked subject-matter jurisdiction. Goldner argued that to retain jurisdiction under 18 U.S.C. § 3565(c), the court was required to issue a summons before the term of probation lapsed. The District Court denied the motion, stating the "Notice" it issued was a summons.

At the revocation hearing, the District Court found Goldner's tax convictions and failure to comply with the restitution order constituted violations of his conditions of probation. The District Court imposed a sentence of forty-eight months' imprisonment and three years' supervised release, and reinstated the original restitution order.

Goldner appeals his conviction in the tax case and the revocation of his probation in the fraud case.

A.

Goldner challenges the sufficiency of the evidence underlying his conviction in the tax case. Goldner's argument rehashes his trial defenses—namely that his tax evasion and failure to file tax returns were not "willful." Goldner Br. 21.

Where a defendant does not preserve the issue of sufficiency of the evidence by making a timely motion for judgment of acquittal, we review for plain error. *United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005). Goldner made a motion for a judgment of acquittal only as to the tax evasion charges but not the failure-to-file charges. On plain-error review, we review "only for a manifest miscarriage of justice—the record must be devoid of evidence of guilt or the evidence must be so tenuous that a conviction is shocking." *United States v. Burnett*, 773 F.3d 122, 135 (3d Cir. 2014) (quoting *United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004) (internal quotation marks omitted)). Even for a preserved challenge, the jury's verdict "must be upheld as long as it does not 'fall below the threshold of bare rationality.'" *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013) (en banc) (quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012)). The jury's verdict easily clears the bar under either standard.

Goldner argues—as he did at trial—that he did not act willfully because he had a

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3565. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

good-faith belief that his conduct was lawful.[3] But the jury was not required to accept this defense. The jury viewed notices from the IRS telling Goldner that he owed taxes and that the IRS was trying to collect them. The Government also introduced evidence that Goldner dealt extensively in cash and used his employer's bank account to cover personal expenses. The jury also saw emails in which Goldner acknowledged to his accountant that he owed over $2 million in taxes and that he had not filed his 2018 and 2019 tax returns, despite having filed returns for previous years.

This evidence alone was enough for the jury to infer willfulness. "[W]e have often held that repetitious conduct resulting in underpayment of taxes may be sufficient to show willfulness." *United States v. McKee*, 506 F.3d 225, 236 (3d Cir. 2007) (quoting *United States v. Ashfield*, 735 F.2d 101, 105 (3d Cir. 1984) (internal quotation marks omitted)). The Supreme Court has explained that a jury could interpret a defendant's insistence on being paid in cash as evidence of willful tax evasion. *See Spies v. United States*, 317 U.S. 492, 499–500 (1943). And the Sixth Circuit has held that a defendant filing tax returns for three years before stopping was "competent evidence" to establish willfulness. *See United States v. Grumka* 728 F.2d 794, 797 (6th Cir. 1984) (per curiam).

The evidence at trial was amply sufficient to justify Goldner's conviction on all counts.

---

[3] Goldner only argues willfulness in his opening brief but argues in his reply brief that the Government also failed to show he had taken affirmative acts. Because he failed to argue affirmative acts in his opening brief, he has forfeited the argument. *See Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 146 (3d Cir. 2017) (noting that we will not "reach arguments raised for the first time in a reply brief or at oral argument.").

B.

Goldner contends the District Court erred in denying his motion to strike information regarding his obligation to pay restitution from the indictment in the tax case. A district court may strike surplusage from an indictment when it is both irrelevant and prejudicial. *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006). We review the court's denial of the motion for abuse of discretion. *Id.* at 611.

We need not address whether the information regarding Goldner's prior criminal conviction and obligation to pay restitution was relevant to the charged offense because the indictment was never read or shown to the jury, nor was it revealed to the jury. "In the absence of any evidence that the jury was exposed" to the indictment, Goldner's "claim of prejudice fails before it leaves the gate, as information never revealed to the jury could not have prejudiced its deliberations." *Id.* at 613. Accordingly, the court did not abuse its discretion in denying Goldner's motion to strike portions of the indictment.

C.

Goldner also contends the District Court lacked jurisdiction to revoke his probation in the fraud cause "because the revocation occurred after the expiration of the term of probation." Goldner Br. 31. Our review of jurisdictional issues is plenary. *United States v. Sczubelek*, 402 F.3d 175, 178 (3d Cir. 2005).

A district court has the power to revoke probation even after its term has expired "if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3565(c). The United States Code does not define "summons" for the purposes of § 3565(c), nor does it otherwise impose any

6

specific requirements for such a document. *See United States v. Merlino*, 785 F.3d 79, 86 (3d Cir. 2015) (describing similar use of "summons" in 18 U.S.C. § 3583(i) and explaining that a summons is traditionally a document). But we have previously emphasized that the key feature of a summons is that it requires a defendant to "appear and answer." *Id.* (quoting *Summons*, *Black's Law Dictionary* (10th ed. 2014) (internal quotation marks omitted)). The court satisfied this requirement. After Goldner's probation officer filed each of the reports of violation, the court issued a "Notice" directing Goldner to appear at the United States Courthouse at a given date and time for a "hearing on the charges." App. 97–98.

Goldner argues those notices "were not summonses because they lacked an integral element – a description of the offense charged." Reply Br. 7. While Federal Rules of Criminal Procedure 4 and 9 require summonses upon complaint or information to "describe the offense charged," "these definitions lack controlling weight in this context." *Merlino*, 785 F.3d at 86; *see also United States v. Bernardine*, 237 F.3d 1279, 1281 n.1 (11th Cir. 2001) (explaining that Rules 4 and 9 do not apply "in the context of a supervised release violation hearing where the court already has supervisory jurisdiction and authority over the defendant"). Even if this were a requirement, Goldner was properly served with a detailed description of his violations before his probation expired and before his hearing.

The court issued a summons before the expiration of the probation term and accordingly retained jurisdiction to revoke Goldner's probation under § 3565(c).

D.

7

Finally, Goldner argues that the District Court committed plain error "by failing to explore [his] financial circumstances" before reimposing the original restitution order in his fraud case. Goldner Br. 35. Goldner grounds his argument in 18 U.S.C. § 3664(f)(2), under which a court imposing a sentence of restitution must specify a payment schedule and consider the defendant's financial circumstances in doing so.

But § 3644(f)(2) does not—as Goldner contends—require a sentencing court to make findings on the record about the defendant's financial resources. *See United States v. Lessner*, 498 F.3d 185, 202 (3d Cir. 2007). Instead, § 3644(f)(2) merely requires the record show the district court considered the defendant's financial situation. *Id.* The record here shows the court reviewed the sentencing transcripts from the tax evasion case, which included information about Goldner's financial circumstances. Moreover, § 3664(f)(2) does not apply on its face to a district court's reimposition of an existing restitution order. Here, the court reinstated its old restitution order—which included a payment schedule—rather than issue a new one.

Goldner has therefore not established that the court made any error, let alone a "plain" one—that is, a "clear" or "obvious" error that infringes "substantial rights" and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and citation omitted).

## III.

For the foregoing reasons, we will affirm both Goldner's judgment of conviction and the revocation of his probation.