**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1819
_____

UNITED STATES OF AMERICA

v.

DASHAUN BROWN,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:22-cr-00108-001)
District Judge: Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 3, 2024

Before: KRAUSE, CHUNG, AMBRO, *Circuit Judges*

(Filed: May 6, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**KRAUSE**, *Circuit Judge*.

Dashaun Brown appeals his federal convictions for aggravated identity theft, conspiracy to commit bank fraud, and bank fraud, as well as the District Court's sentence based on those convictions. We will affirm.

## I. DISCUSSION[1]

On appeal, Brown argues that: (1) the District Court erred when it declined to issue a special interrogatory directing the jury to consider the "actual losses" caused by Brown's conduct; (2) the District Court improperly calculated the "actual losses" attributable to him during sentencing; and (3) his conviction for aggravated identity theft is invalid under *United States v. Dubin*, 143 S. Ct. 1557 (2023). None of these arguments is persuasive.

First, the District Court did not abuse its discretion in declining Brown's request for a special interrogatory. Special verdict forms posing specific interrogatories are generally "disfavored in criminal trials" but may be appropriate "where the use of special findings may be necessary." *United States v. Hedgepeth*, 434 F.3d 609, 613 (3d Cir. 2006) (internal quotation marks and citations omitted). Brown's trial did not present such

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. Because the District Court had discretion to determine whether to submit special interrogatories to the jury, we review its decision to decline Brown's request for a special interrogatory for abuse of discretion. *United States v. Console*, 13 F.3d 641, 663 (3d Cir. 1993). We review the District Court's calculation of the actual loss figure for clear error. *United States v. Free*, 839 F.3d 308, 319 (3d Cir. 2016). We exercise plenary review over Brown's claim that an intervening Supreme Court decision renders his conviction invalid. *See Lebanon Farms Disposal, Inc. v. Cnty. of Lebanon*, 538 F.3d 241, 247 (3d Cir. 2008).

circumstances. Brown was not tried alongside his co-defendants, so there is no risk that the jury mistakenly confused his role in the scheme with someone else's. And the jury heard substantial evidence that Brown was directly and centrally involved in the underlying conspiracy, facilitating many of the purchases at issue. Moreover, the interrogatory that Brown requested would have been irrelevant to the jury's ultimate determination of guilt. As the District Court observed, "the amount of loss . . . [was] not an element of [the convicted] offenses" and "therefore [was] not an issue for the jury." *United States v. Brown*, No. 22-108, 22 WL 16855129, at \*10 (D.N.J. Nov. 10, 2022). The denial of the special interrogatory was thus not an abuse of discretion.

Next, Brown argues that the District Court "abused its discretion by sentencing [him] under a U.S.S.G. level reflecting an actual loss of $330,390.56." But the District Court did not attribute $330,390.56 in actual losses to Brown. On the contrary, it determined that he was responsible for $137,662.46 in actual losses and sentenced him using that figure. That determination was not clearly erroneous. As the District Court noted, Brown was convicted not only of bank fraud for his role in the Costco purchases, but also of conspiracy to commit bank fraud for his central role in orchestrating the broader two-year credit card fraud scheme. Over the course of that conspiracy, Brown used at least seven different phone numbers to activate credit cards with six different banks, and he regularly used the stolen credit cards to fraudulently purchase merchandise, sometimes extending spending limits using illegally obtained personal information. The District Court accordingly adjusted its loss calculation from the government's original

3

figure to reflect both the Costco purchases and the reasonably foreseeable losses incurred over the course of the conspiracy.

Finally, Brown argues that his conviction for aggravated identity theft under 18 U.S.C. § 1028A(a)(1) must be vacated in light of the Supreme Court's decision in *United States v. Dubin* because "it was clear from the jury's questions that [his] conviction was based on an aiding and abetting theory." Opening Br. 15. But the Supreme Court did not suggest in *Dubin* that a defendant may not be convicted under § 1028A(a)(1) based on an "aiding and abetting" theory of liability. *See generally Dubin v. United States*, 143 S. Ct. 1557 (2023). Instead, the Court held that § 1028A(a)(1) applies only when "the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature" of the offense. *Id.* at 1563. Here, Brown's misappropriation and misuse of others' identities fits that description: when Brown and his co-conspirators activated the credit card and used it to make the Costco purchases, they misrepresented their identities to both the issuing creditor and to Costco. Those misrepresentations were "at the crux of the fraud," so Brown's §1028A(a)(1) conviction remains valid after *Dubin*. *Id.* at 1565.

## II.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

4