J-S32017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEXTER JOHNSON | |
| Appellant | No. 312 EDA 2015 |

Appeal from the Judgment of Sentence August 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013307-2012

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 02, 2016**

Appellant, Dexter Johnson, appeals from the aggregate judgment of sentence of time served (249 days) to 23 months' incarceration, with immediate parole, imposed by the trial court following Appellant's convictions for two counts of possession of a controlled substance, and one count of possession of a small amount of marijuana.[1]  After careful review, we affirm.

The trial court summarized the procedural background of this case as follows.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16) and (31), respectively.

On April 17, 2014, [Appellant] entered a plea of guilty to Intentional Possession of a Controlled Substance and Possession of a Small Amount of Marijuana. The [trial c]ourt held its judgment under advisement. [Appellant] then proceeded to trial before th[e trial c]ourt, sitting with a jury, on the charges of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance and Intentional Possession of a Controlled Substance.

On April 18, 2014, the jury returned verdicts of not guilty on the charge of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, and guilty of Intentional Possession of a Controlled Substance. The [trial c]ourt then found [Appellant] guilty of the charges of Intentional Possession of a Controlled Substance and Possession of a Small Amount of Marijuana, pursuant to the guilty pleas. Sentencing was deferred for preparation of a pre-sentence investigation report.

A sentencing hearing was held on August 29, 2014, at which time [Appellant] was sentenced to time served (249 days) to 23 months incarceration, with immediate parole. The conditions of [Appellant's] parole included intensive supervision by the Probation Department's Mental Health Unit and sex offender treatment.

Trial Court Opinion, 6/23/15, at 1-2 (citations omitted).

On September 7, 2014, Appellant filed a petition for reconsideration of sentence, in which he asked the trial court to "reconsider the condition of parole that [Appellant] attend and complete sex offender treatment as it violates 42 Pa. C.S. § 9754(c)(13) [because] sex offender treatment is not related to [Appellant's] rehabilitation regarding drug use and/or abuse." Petition for Reconsideration of Sentence, 9/7/14, at 2. Appellant further averred "[i]t is impermissible for [the trial] court to impose sex offender

- 2 -

treatment as there is no competent evidence that this treatment is needed for [Appellant's] rehabilitation." *Id.* The Commonwealth did not file a response. On January 6, 2015, Appellant's motion was denied by operation of law. Appellant filed this timely appeal on January 28, 2015.[2]

On appeal, Appellant presents a single issue for our review.

> Did not the lower court err as a matter of law and abuse its discretion in imposing a condition of his sentence which mandated sex offender treatment where the crime for which [A]ppellant was sentenced was misdemeanor drug possession?

Appellant's Brief at 3.

Before reaching the merits of Appellant's argument, we address the Commonwealth's contention that Appellant's argument is waived because Appellant's counsel, at sentencing, stated she "had no objection" to Appellant attending a sex offender treatment program as a condition of parole. Commonwealth's Brief at 3, *citing* N.T., 8/29/14, at 11. Our review of the sentencing transcript reveals the following.

| THE COURT: | I also want sex offender treatment. |
| [DEFENSE COUNSEL]: | I have no objection to that, Your Honor. |
| THE COURT: | I am ordering it. … Please advise your client. |

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[DEFENSE COUNSEL]: So [Appellant], you have been sentenced by the Honorable Judge Campbell. He's given you a sentence of time served to 23 months with immediate parole.

You are also ordered to undergo a dual diagnoses FIR and you are to comply with the agreement that the evaluation has ordered. [sic] So that is inpatient or either outpatient, and you need to comply with that too.

You are also to seek job training and maintain employment. Additionally, you will be supervised. You are going to have to undergo sex offender treatment in addition to fees that have also been waived. Do you understand the sentence?

[APPELLANT]: Yes.

N.T., 8/29/14, at 11-12.

The Commonwealth cites *Commonwealth v. Brightwell*, 388 A.2d 1063 (Pa. 1978) to support its waiver argument. In *Brightwell*, our Supreme Court determined the appellant failed to preserve his appellate issue concerning the jury's return of a guilty verdict where, at sidebar, appellant's counsel agreed that the verdict would be recorded as third-degree murder, and subsequently, when the trial court announced the verdict, defense counsel did not object. Defense counsel subsequently alleged in a post-verdict motion that the jury could not lawfully return a

verdict of guilty of both murder of the third degree and voluntary manslaughter, but the Supreme Court responded that "by waiting until post-verdict motions to raise the issue, appellant deprived the [trial] court of an opportunity to correct any error. Consequently, appellant may not now complain of inconsistency in the verdict." *Id.* at 1066.

Here, *Brightwell* is inapplicable because the trial court was not deprived of the opportunity to correct Appellant's alleged sentencing error. Although the trial court declined to act on Appellant's petition for reconsideration of sentence, it could have done so. We therefore proceed to address Appellant's claim that the trial court abused its discretion by mandating sex offender treatment.

Appellant asserts that the trial court's imposition of sex offender treatment as a condition of parole[3] was not "reasonably related to [A]ppellant's rehabilitative success." Appellant's Brief at 9. Accordingly, Appellant challenges the discretionary aspects of his sentence. *Commonwealth v. Dewey*, 57 A.3d 1267, 1269 (Pa. Super. 2012) (parolee's challenge to the reasonableness of his condition of parole

_____

[3] The Board of Probation and Parole does not have authority in this case because Appellant was sentenced "for a maximum period of less than two years." 61 Pa.C.S.A. § 6132(a)(2)(ii).

constituted a challenge to the discretionary aspects of his underlying sentence).

"There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant makes an argument pertaining to the discretionary aspects of his sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

> substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

Instantly, Appellant filed a timely petition for reconsideration of sentence and notice of appeal. Also, his brief includes a Rule 2119(f) statement. Appellant's Brief at 6-8. We therefore proceed to address whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

In this case, Appellant avers that the trial court abused its discretion by imposing a condition of parole – sex offender treatment – "which was not reasonably related to the offense of simple possession of a controlled substance." Appellant's Brief at 6. Appellant specifically maintains that the

trial court "failed to tailor the [parole] conditions in a reasonable fashion, as 42 Pa.C.S.A. § 9754(b) requires. There was no competent evidence of record to justify the imposition of sex offender treatment." *Id.* at 7. Because Appellant asserts an inconsistency with the Sentencing Code, referencing 42 Pa.C.S.A. § 9754, we find that he has raised a substantial question. Section 9754 provides in relevant part as follows.

### § 9754. Order of probation

…

**(b) Conditions generally.--**The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

**(c) Specific conditions.--**The court may as a condition of its order require the defendant:

…

(13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S.A. § 9754.[4]

Our review of the record refutes Appellant's claim that the trial court's imposition of sex offender treatment was not reasonably related to the rehabilitation of Appellant. The trial court explained, in detail, as follows.

_____

[4] Although Section 9754(b) pertains to probation, "the conditions of probation are examined under the same standards as conditions of parole." *Dewey, supra* at 1269 n.1.

It is well-settled that where the trial court had the benefit of a presentence investigation report, it is presumed to be "aware of all appropriate sentencing factors and considerations." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted).

Here, the Criminal History Report established that on June 11, 2004, [Appellant] was arrested in Montgomery County on charges [of] Indecent Assault-Person Less than 16 Years Old (M-2) and Corruption of Morals of Minors (M-1), CP-46-CR-0004564-2004. The Report further stated:

> DISPOSITION: On 11/20/05, [Appellant] pled guilty [and] was sentenced to seven to 23 months incarceration as to the Indecent Assault offense and three years consecutive probation as to the Corruption of Minors offense.
>
> VIOLATION #1: On 7/12/05, the probation and parole were revoked due to technical and direct violations. Conviction #4 was a direct violation. As to the Indecent Assault, he was re-sentenced to serve his Back Time imposed with no earned/good time credited. As to the Corruption of Minors offense, three years' probation was re-imposed. He was ordered to be supervised by the Sex Offender Unit and attend sex offender treatment.
>
> VIOLATION #2: On 4/21/06, the sentence was revoked due to technical and direct violations. Conviction #5 was a direct violation. He was re-sentenced to serve his remaining back time as to the Indecent Assault offense. He was re-sentenced to one to two years state incarceration as to the Corruption of Minors offense. He served this sentence at SCI Cresson under inmate #GQ-1270. He was never paroled. He completed this sentence on 3/6/08.

Additionally, the Pre-Sentence Report states: "It should be noted that [Appellant] was convicted of a sex offense by Montgomery County in 2004. He was required to attend and complete sex offender treatment. It is unknown if this was completed." PSR, p. 2. "It could not be ascertained if he attended or completed sex offender treatment. Due [to] the 2012 Adam Walsh Act, he is required to complete sex offender treatment if the treatment was never previously afforded to him or if it was not completed on supervision." PSR, p. 4.

…

Under all the circumstances presented here, the [trial c]ourt chose to fashion a sentence which would address [Appellant's] major mental illness, his long history of poly-substance addiction, his homelessness, his lack of family support, **and, saliently for this appeal, his untreated history of prior sexual misconduct**.

The goal of including sex offender treatment was to impose a condition "reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S. § 9754(c)(13). This was an appropriate exercise of sentencing discretion, and was a condition with a direct nexus to [Appellant]'s history and his likelihood of success on parole.

Trial Court Opinion, 6/23/15, at 3-4 (emphasis added).

The trial court's reasoning is supported by the record, particularly the

Pre-Sentence Report.[5] We therefore find no abuse of discretion by the trial

_____

[5] The Pre-Sentence Report was omitted from the original record transmitted to this Court. However, on January 4, 2016, the Commonwealth filed an Application to Correct the Original Record Pursuant to Pennsylvania Rule of
*(Footnote Continued Next Page)*

court's imposition of sex offender treatment as part of Appellant's sentence.

Accordingly, we affirm the August 29, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2016

---

*(Footnote Continued)* _____

Appellate Procedure 1926.  On January 22, 2016, we granted the application and directed the trial court to certify and transmit the Pre-Sentence Report to Superior Court.  The Pre-Sentence Report was received and docketed as part of the certified record on February 4, 2016.